```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

```
DARYL CALHOUN,                    :
                                  :     NO:  1:12-CV-00813
        Plaintiff,                :
                                  :
            v.                    :     OPINION AND ORDER
                                  :
                                  :
MIDDLETOWN POLICE DEPARTMENT,     :
et al.,                           :
                                  :
        Defendants.               :
```

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint (doc. 10), and Defendant's Response (doc. 11). For the reasons indicated herein, the Court GRANTS Plaintiff's Motion.

Plaintiff seeks leave to amend his Complaint to include a claim for spoliation of evidence, based on his allegation that Defendants had mobile computer terminal transmission records related to Plaintiff's October 22, 2010 arrest, but Defendants destroyed such information (doc. 10). Plaintiff alleges such information was subject to a public records request prior to its destruction, such that Defendants were on notice of its significance, but nonetheless destroyed it (Id.).

Defendants oppose Plaintiff's motion, contending the proposed amendment is futile because intentional tort claims against political subdivisions fail as a matter of law, because the

proposed claim does not allege anything against the Officer Defendants, the destruction of the evidence was according to a retention schedule, and because Plaintiff cannot establish knowledge that litigation was pending or probable (doc. 11).  In summary, Defendants claim Plaintiffs have not alleged a set of facts showing plausible a claim for spoliation of evidence (Id.).

Having reviewed this matter, the Court finds Plaintiff's motion well taken.  The United States Supreme Court has held that motions for leave to amend pleadings should be liberally granted unless the motions are brought in bad faith or the proposed amendments would cause undue delay, be futile, or unfairly prejudice the opposing parties. Foman v. Davis, 371 U.S. 178, 182 (1962); see also Moore v. City of Paducah, 790 F.2d 557, 561 (6th Cir. 1986) (quoting Tefft v. Seward, 689 F.2d 637, 639-40 (6th Cir. 1982)).  Therefore, taking into consideration the liberal standard of Fed. R. Civ. P. 15, finding that Plaintiff has acted in good faith, and finding no undue delay or prejudice to Defendant, the Court finds Plaintiff's motion well-taken.  Under the allegations in the Amended Complaint, Plaintiff alleges Defendants had knowledge of the relevance of the evidence, but nonetheless destroyed it.  The Court does not see such an amendment as futile, and in any event, finds Defendants may challenge the Amended Complaint by future motion practice.

Accordingly, the Court GRANTS Plaintiff's Motion to File

Amended Complaint (doc. 10), and DIRECTS Plaintiff's counsel to refile electronically such Amended Complaint, as attached to the motion.

    SO ORDERED.


Dated: April 30, 2013        s/S. Arthur Spiegel
                                    S. Arthur Spiegel
                                    United States Senior District Judge